IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) 1 Massachusetts Avenue, NW Washington, D.C. 20001 | * * * | CIVIL ACTION NO. |
| PLAINTIFF, | * | |
| v. | * | |
| 580 SQUARE FEET OF VACANT LAND, MORE OR LESS, SITUATE IN THE DISTRICT OF COLUMBIA, DESIGNATED AS LOT 0813 SQUARE 0268, MAINE AVENUE S.W., WASHINGTON, D.C. 20024 | * * * | |
| and | * * | |
| PARCEL 49B LIMITED PARTNERSHIP 1280 Maryland Avenue, S.W. Suite 280 Washington, D.C. 20024 | * * * | |
| SERVE ON: Parcel 49B Limited Partnership c/o CT Corporation System 1015 15th St. NW, Ste. 1000 Washington, D.C. 20005 DC Registered Agent | * * * | |
| and | * * | |
| GOLDMAN SACHS MORTGAGE COMPANY, L.P. 200 West Street New York, NY 10282 | * * | |

                                                                 *

**SERVE ON:**
Goldman Sachs Mortgage Company, L.P.    *
c/o CT Corporation System
1015 15th St. NW, Ste. 1000    *
Washington, D.C. 20005
**DC Registered Agent**    *

   *

**SERVE ON:**
Goldman Sachs Mortgage Company, L.P.    *
c/o Department of State
One Commerce Plaza    *
99 Washington Avenue, 6th Floor
Albany, NY 12231    *
**NY Registered Agent**

   *

and    *

   *

**GOLDMAN SACHS COMMERCIAL
MORTGAGE CAPITAL, L.P.**    *
6011 Connection Drive
Irving, Texas 75039    *

**SERVE ON:**    *
Goldman Sachs Commercial
Mortgage Capital, L.P.    *
c/o CT Corporation System
1015 15th St. NW, Ste. 1000    *
Washington, D.C. 20005
**DC Registered Agent**    *

   *

**SERVE ON:**
Goldman Sachs Commercial    *
Mortgage Capital, L.P.
c/o The Corporation Trust Company    *
Corporation Trust Center
1209 Orange St.    *
Wilmington, DE 19801
**DE Registered Agent**    *

2

and

\*

\*

**U.S. BANK NATIONAL ASSOCIATION**
800 Nicollet Mall BC-MN-H210
Minneapolis, Minnesota 55402

\*

\*

\*

> SERVE ON:
> U.S. Bank National Association
> c/o Department of Licensing and
> Consumer Protection
> Corporations Division
> Digital Service Center
> 1100 4th Street, SW
> 2nd Floor
> Washington, D.C. 20024
> **DC Substitute Registered Agent**

\*

\*

\*

\*

\*

\*

> SERVE ON:
> U.S. Bank National Association
> c/o C T Corporation System Inc.
> 1010 Dale St. N.
> Saint Paul, MN 55117–5603
> MN Registered Agent

\*

\*

\*

and

\*

\*

**BANK OF AMERICA, N.A.**
**SUCCESSOR BY MERGER TO**
**LASALLE BANK, NATIONAL ASSOCIATION**
Bank of America Corporate Center
100 North Tryon Street
Charlotte, NC 28255

\*

\*

\*

> SERVE ON:
> Bank of America, N.A.
> c/o CT Corporation System
> 1015 15th St. NW, Ste. 1000

\*

\*

3

Washington, D.C. 20005                    *
**DC Registered Agent**
                                          *

**SERVE ON:**                             *
The Corporation Trust Company
Corporation Trust Center                  *
1209 Orange St.
Wilmington, DE 19801                      *
**DE Registered Agent**
                                          *

and                                       *


**LASALLE BANK**                          *
**NATIONAL ASSOCIATION**
                                          *
**SERVE ON:**
LaSalle Bank National Association         *
c/o Department of Licensing and
Consumer Protection                       *
Corporations Division
Digital Service Center                    *
1100 4th Street, SW
2nd Floor                                 *
Washington, D.C. 20024
**DC Substitute Registered Agent**        *

                                          *

**SERVE ON:**
LaSalle Bank National Association         *
c/o CSC
801 Adlai Stevenson Dr.                   *
Springfield, IL 62703
                                          *

and                                       *


                                          *

**CONFEDERATION LIFE INSURANCE**
**COMPANY**                               *

    **SERVE ON:**                         *

4

Confederation Life Insurance Company
c/o Department of Licensing and &ast;
Consumer Protection
Corporations Division &ast;
Digital Service Center
1100 4th Street, SW &ast;
2nd Floor
Washington, D.C. 20024 &ast;
**DC Substitute Registered Agent**
&ast;

and &ast;

&ast;

**TOWER ASSOCIATES II, INC.**
1425 South Moore Road, Ste. A &ast;
Chattanooga, TN 37412
&ast;

 **SERVE ON:** &ast;
Tower Associates II, Inc.
c/o Paracorp Incorporated &ast;
1100 H Street N.W., Ste. 840
Washington, D.C. 20005 &ast;
**DC Registered Agent**
&ast;

and &ast;

&ast;

**THOMAS J. MANCUSO**
AS SUBSTITUTE TRUSTEE &ast;

&ast;

 **SERVE ON:**
Thomas J. Mancuso &ast;
c/o Kline Alvarado Veio P.C.
100 Garfield Street, Suite 200 &ast;
Denver, CO 80206
&ast;

and &ast;

|  |  |
|---|---|
| **KELLY M. WREN**<br>AS SUBSTITUTE TRUSTEE | * |
|  | * |
|  | * |
| **SERVE ON:**<br>Kelly M. Wren<br>c/o Ballard Spahr LLP<br>1909 K Street NW, 12th Floor<br>Washington, DC 20006 | * |
|  | * |
| and | * |
|  | * |
| **UNKNOWN OWNERS AND OTHERS WHO<br>MAY HAVE AN INTEREST** | * |
| DEFENDANTS. | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT FOR CONDEMNATION AND REQUEST FOR POSSESSION

Plaintiff, National Railroad Passenger Corporation, also known as Amtrak ("Amtrak"), pursuant to authority provided by 49 U.S.C. § 24311 and in compliance with Federal Rule of Civil Procedure 71.1, files this Complaint for Condemnation And Request for Possession of all fee simple interests in 580 square feet, more or less, of vacant, unoccupied land north of Maine Avenue S.W., Washington, D.C. 20024, designated on the Records of the Assessor for the District of Columbia as Lot 0813 Square 0268, with such interests being referred to as the "Subject Property Interests," as described more fully below. Amtrak files this action against the Defendants listed above, and all unknown interested parties, and respectfully sets forth the following:

I.     **INTRODUCTION AND DESCRIPTION OF THE SUBJECT PROPERTY INTEREST**

***The Subject Property Interests' Intrinsic Relationship with Intercity Rail Passenger Transportation***

1.      Passenger rail service is an essential part of America's transportation system. *See* 49 U.S.C. § 24101(a)(5) ("Modern and efficient intercity passenger and commuter rail passenger transportation is important to the viability and well-being of major urban and rural areas and to the energy conservation and self-sufficiency goals of the United States.").

2.      In 2021, Amtrak and Virginia Passenger Rail Association ("Virginia") entered into a Passenger Rail Improvement Funding and Partnership Agreement, as amended ("Agreement") to commit funding and coordinate efforts to substantially increase the state-supported intercity passenger rail service provided by Amtrak between the District of Columbia and Virginia cities and enhance the utility of such increased service for Amtrak service outside of the Commonwealth of Virginia. In order to increase state-supported intercity passenger rail service and enhanced utility, both Amtrak and Virginia agreed to undertake a series of investments in passenger rail in the Commonwealth of Virginia ("Program").

3.      One of the objectives of the Program is to add multiple daily state-supported roundtrips, reaching near hourly Amtrak service between the District of Columbia and Richmond, Virginia. In order to increase the number of Amtrak daily state-supported roundtrips in Virginia, as well as to reduce the current scheduled trip time, Virginia agreed to construct a new two-track passenger rail bridge linking Virginia and the District of Columbia, located in the approximate limits of CFP 111.5 to CFP 110.1 ("New Bridge"). As part of the Agreement, Amtrak agreed to acquire the real property interests required, including the Subject Property Interests, in order to construct the New Bridge. Amtrak has been unable to acquire the Subject Property Interests as

further set forth further below.

4. As part of the construction of the New Bridge, improvements to the existing track configuration and infrastructure leading to and from it must be made, which are located adjacent to the Subject Property Interests.

5. Those improvements are critical to operation of Amtrak's Northeast Corridor along its southern end, providing a link between the Northeast Corridor and Amtrak's intercity rail passenger transportation to cities in the Midwest and Southern United States, as the existing track configuration and infrastructure adjacent to the Subject Property Interests contribute to a bottleneck limiting Amtrak's ability to serve increased ridership now and in the future.

6. The Northeast Corridor itself is part of Amtrak's intercity rail passenger transportation network as one of the busiest, most complex, and economically vital transportation systems in the world, connecting numerous states and the District of Columbia through an active and highly traveled rail network.

7. The following describes Amtrak's role within the Northeast Corridor:

A. Amtrak owns and serves as the infrastructure manager for the majority of the Northeast Corridor, providing dispatching services, electric propulsion power, and operational support, as well as maintaining and improving the infrastructure and facilities that are used not only by Amtrak, but also by commuter lines and freight operators.

B. The Northeast Corridor is an essential passenger rail artery serving major cities in the Northeast region, connecting Washington, D.C. to Boston, Massachusetts and connecting corridors to other cities including, but not limited to, Richmond, Virginia.

8. Accordingly, to further the Program and intercity rail passenger transportation,

8

Amtrak seeks to acquire the Subject Property Interests to ensure that improvements necessary to "provide efficient and effective intercity passenger rail mobility" are timely completed. 49 U.S.C. § 24101(b). With the acquisition of the Subject Property Interests, Amtrak will hold in fee simple land adjacent to the existing railroad corridor. The interests are needed for the Program and to be able to construct the New Bridge and the New Bridge's related improvements.

9. Amtrak is authorized under 49 U.S.C. § 24311 to acquire interests in property necessary for intercity rail passenger transportation through eminent domain. In this action, Amtrak asserts and exercises its right under 49 U.S.C. § 24311(a)(1)(A) to acquire the Subject Property Interest because they are necessary for intercity rail passenger transportation. As described below, Amtrak is depositing with the Court the amount it estimates to be just compensation for the Subject Property Interests in accordance with statutory requirements.

### The Location and Description of the Subject Property Interests

10. In this action, Amtrak seeks to acquire fee simple real estate rights, *i.e.*, the Subject Property Interests, held by Defendant Parcel 49B Limited Partnership. The Subject Property Interests are the fee simple interests to 580 square feet, more or less, of vacant, unoccupied land north of Maine Avenue S.W., Washington, D.C. 20024, designated on the Records of the Assessor for the District of Columbia as Lot 0813 Square 0268.[1] The Subject Property Interests being acquired are subject to and shall remain subject to the following existing rights, namely:

A. Terms, reservations, and restrictions as set forth in Deed from Potomac Freight Terminals Company to The Philadelphia, Baltimore and Washington Railroad

---

[1] Upon information, the land being acquired does not have a street address assigned to it.

Company dated November 21, 1925 and recorded on November 27, 1925, as Instrument No. 32, in Liber 5623, Folio 250;

B.  Terms, reservations, and restrictions as set forth in that Instrument recorded on September 14, 1978, as Instrument No. 7800032024 noted as Deed by and between John C. Kohl, as Trustee of the Property of The Philadelphia, Baltimore and Washington Railroad Company, "Debtor", and Consolidated Railroad Corporation, as modified by Release of Easements Indenture by and between The Penn Central Corporation and Consolidated Rail Corporation dated April 11, 1983 and recorded on April 25, 1983, as Instrument No. 8300011490;

C.  Terms, reservations, easements, and restrictions in that Deed from Consolidated Rail Corporation to PARCEL C LIMITED PARTNERSHIP dated June 30, 1989 and recorded on June 30, 1989, as Instrument No. 8900038921; and

D.  Terms, provisions, conditions, covenants, reservations, and restrictions as set forth in that Supplemental Final Order and Judgment filed in The United States District for the Southern District of Indiana Indianapolis Division in Case No. 1:99-ML-9313-DFH-TAB MDL Docket No. 1313, IN RE: AT&T Fiber Optic Cable Installation Litigation and subsequently recorded among the Land Records of the District of Columbia on October 9, 2009, as Instrument No. 2009111572. Said Settlement Agreement provides AT&T, among other things, an easement running along certain railroad corridors in the District of Columbia.

In other words, Amtrak will not be condemning the above existing rights in this litigation.

11. The Subject Property Interests are for the purpose of supporting the construction related to the Program.

## II. PARTIES

12. Amtrak's mission is to "provide efficient and effective intercity passenger rail mobility consisting of high-quality service that is trip-time competitive with other intercity travel options …." 49 U.S.C. § 24101(b). Amtrak is a District of Columbia corporation authorized by the Rail Passenger Service Act (currently set forth at 49 U.S.C. § 24101 *et seq.*). Amtrak's principal place of business is located at 1 Massachusetts Avenue, NW, Washington, D.C. 20001. Amtrak, the Nation's intercity passenger rail service provider and high-speed rail operator, operates a nationwide rail network, serving more than 500 destinations in 46 states, the District of Columbia and two Canadian provinces, on more than 21,400 miles of routes. The United States holds, through the U.S. Secretary of Transportation, 100% of Amtrak's preferred stock.

13. As provided by Federal Rule of Civil Procedure 71.1(c), the property being condemned by eminent domain in this proceeding (*i.e.*, the Subject Property Interests) is named as a Defendant.

14. Upon information and belief, Defendant Parcel 49B Limited Partnership, a dissolved District of Columbia limited partnership, owns in fee simple the Subject Property Interests.

15. Upon information and belief, the general partners of Defendant Parcel 49B Limited Partnership are PDA 49B GP LLC and Tower 49B GP LLC; the limited partners of Defendant Parcel 49B Limited Partnership are PDA Partners LLC and Tower Associates, Inc. The general

partners of Defendant Parcel 49B Limited Partnership partners are dissolved, terminated, forfeited, and/or cancelled as corporate entities in the District of Columbia and/or their state of formation. Amtrak is unaware of any property interest the general or limited partners of Defendant Parcel 49B Limited Partnership hold in the Subject Property Interests. Out of an abundance of caution, PDA 49B GP LLC, Tower 49B GP LLC, PDA Partners LLC, and Tower Associates, Inc. are being provided with notice of this action but are not being named as defendants.

16.     Upon information and belief, Defendants Goldman Sachs Mortgage Company, L.P., Goldman Sachs Commercial Mortgage Capital, L.P., U.S. Bank National Association, Bank of America, N.A. as successor by merger to LaSalle Bank National Association,  LaSalle Bank National Association, Confederation Life Insurance Company, Tower Associates II, Inc., Thomas J. Mancuso as substitute trustee, and/or Kelly M. Wren as substitute trustee  have or may claim a property interest by and through one or more mortgage, deed of trust, promissory note, or otherwise.

17.     In addition to the named Defendants, there may be other persons or entities who have, or may claim, a property interest in the Subject Property Interests whose names, after diligent search, are unknown to and not reasonably ascertainable by Amtrak. Such unknown persons and entities are made prospective parties to this action under the designation "Unknown Owners And Others Who May Have An Interest" as permitted by Federal Rule of Civil Procedure 71.1(c)(3).

## III.     JURISDICTION AND VENUE

18.     The United States District Court for the District of Columbia has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the authority for Amtrak to acquire an interest in property by eminent domain arises under the laws of the United States,

specifically 49 U.S.C. § 24311.

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1349 because the United States holds, through the U.S. Secretary of Transportation, 100% of Amtrak's preferred stock.

20.     Venue in the United States District Court for the District of Columbia is proper pursuant to 49 U.S.C. § 24311(b)(1), which requires that actions brought by Amtrak to acquire interests in real property via eminent domain must be brought in the United States District Court for the judicial district in which the property to be acquired is located. The Subject Property Interests are located in the judicial district for the District of Columbia.

21.     Amtrak hereby exercises its power of eminent domain pursuant to 49 U.S.C. § 24311(a)(1)(A) and 49 U.S.C. § 24311(a)(2) and states that: (1) the Subject Property Interests are necessary for intercity rail passenger transportation; (2) it has not been able to acquire the Subject Property Interests by contract; and (3) it has not been able to agree with the owner on the purchase price for the Subject Property Interests.

22.     Amtrak is complying, and has complied, with all requirements of 49 U.S.C. § 24311, entitling it to exercise the right of eminent domain to acquire the Subject Property Interests.

## IV.     THE RELATIONSHIP OF THE SUBJECT PROPERTY INTERESTS TO AMTRAK'S GOALS AND MISSION

23.     Amtrak's acquisition of the Subject Property Interests is necessary for completion of the Program which will modernize, and expand the capacity of, Amtrak's intercity rail passenger transportation.

*Time is of the Essence*

24.    As discussed above, improvements as part of the Program, including the New Bridge and the changes to existing track configuration and infrastructure adjacent to the Subject Property Interests, are essential to intercity rail transportation and timing is critical.

25.    Amtrak needs the Subject Property Interests so that capital investments and improvements can be made without delay.

*The Nexus of Amtrak's Need for the Subject Property Interests to Amtrak's Statutory Mandates and Mission*

26.    There is a nexus between the Subject Property Interests and Amtrak's statutorily established mandates, including its mission of providing intercity rail passenger transportation in the United States.

A.    Amtrak's mission is to "provide efficient and effective intercity passenger rail mobility consisting of high-quality service that is trip-time competitive with other intercity travel options." 49 U.S.C. § 24101(b).

B.    Pursuant to 49 U.S.C. § 24101(c)(1)(E) and (F), "Amtrak shall …use its best business judgment in acting to maximize the benefits of Federal investments, including … (E) controlling or reducing management and operating costs; and (F) providing economic benefits to the communities it serves".

C.    Pursuant to 49 U.S.C. § 24101(c)(11)–(13), "Amtrak shall…(11) coordinate the uses of the Northeast Corridor, particularly intercity and commuter rail passenger transportation; (12) maximize the use of its resources, including the most cost-effective use of employees, facilities, and real property; and (13) support and maintain established long-distance

14

routes to provide value to the Nation by serving customers throughout the United States and connecting urban and rural communities."

        D.      Pursuant to 49 U.S.C. § 24305(a)(1), "Amtrak may acquire, operate, maintain, and make contracts for the operation and maintenance of equipment and facilities necessary for intercity and commuter rail passenger transportation...."

        E.      Amtrak's self-stated mission is "Delivering intercity transportation with superior safety, customer service and financial excellence."

27.     Amtrak needs to acquire the Subject Property Interests immediately to fulfill its statutory mandates, its mission, its vision, and its business goals.

## V.    DECLARATION OF TAKING

28.     As set forth above, and for other good and sufficient reasons, acquisition of the Subject Property Interests is necessary for intercity rail passenger transportation in the United States. The acquisition of the Subject Property Interests has a direct nexus to, and/or significant relationship with, Amtrak's statutory mandates, as well as Amtrak's corporate goals and mission, and are therefore necessary to intercity passenger rail transportation. Because the acquisition of the Subject Property Interests is necessary for intercity rail passenger transportation, as set forth in 49 U.S.C. § 24311(a)(1)(A), Amtrak is entitled to, and does, by this action, acquire the Subject Property Interests by eminent domain.

29.     Amtrak is filing a Declaration of Taking contemporaneously herewith and is depositing the money estimated as just compensation as described below. Amtrak is therefore immediately vested with title in fee simple absolute, in total and without lien, pursuant to 49 U.S.C. § 24311(b)(2).

15

## VI.    STATEMENT OF MONEY ESTIMATED FOR JUST COMPENSATION

30.     Amtrak obtained from a certified general appraiser a valuation of the estimated just compensation for the Subject Property Interests.

31.     The certified general appraiser ascertained that the fair market value of the Subject Property Interests is Twenty Thousand Dollars and No Cents ($20,000.00).

32.     Prior to filing this action, Amtrak, pursuant to 49 U.S.C. § 24311(a)(2), attempted to negotiate a purchase price for the Subject Property Interests with representatives of parties who had an interest in Defendant Parcel 49B Limited Partnership.

33.     Amtrak offered to purchase the Subject Property Interests for a sum of Twenty Thousand Dollars and No Cents ($20,000.00), the same amount that Amtrak is depositing into this Court.

34.     Defendant Parcel 49B Limited Partnership and/or its representatives did not accept Amtrak's offer to acquire the Subject Property Interests and its representatives countered with a significantly higher amount.

35.     Amtrak's attempts to purchase the Subject Property Interests by consent have been unsuccessful. In addition, Defendant Parcel 49B Limited Partnership is a dissolved limited partnership, and its general and limited partners are dissolved, terminated, forfeited, and/or cancelled as corporate entities in the District of Columbia and/or their state of formation. Consequently, Amtrak was not able to acquire the Subject Property Interests by contract or agree with Defendant Parcel 49B Limited Partnership or its representatives as to the purchase price for the Subject Property Interests.

36.     At or about the time of the filing of this action, Amtrak is depositing into this Court

16

the amount of Twenty Thousand Dollars and No Cents ($20,000.00), which Amtrak estimates to be just compensation for the Subject Property Interests and a prerequisite to the filing of a Declaration of Taking and the vesting of title to the Subject Property Interests in Amtrak pursuant to 49 U.S.C. § 24311(b)(1)–(2).

## VII.    POSSESSION OF THE PROPERTY

37.    Pursuant to 49 U.S.C. § 24311(b)(2)(A), this Court may decide "the time by which, and the terms under which, possession of the property is given to Amtrak[.]" The land over which the Subject Property Interests are being acquired is vacant, unoccupied land adjacent to an existing railroad corridor.

38.    Amtrak respectfully requests that the Court determine possession of Subject Property Interest and the vacant, unoccupied land related to the Subject Property Interest will be given to Amtrak as soon as practicable once all the Defendants have been served with, and have an opportunity to respond to, this Complaint.

39.    Amtrak needs immediate possession of the vacant, unoccupied land because: (1) no just reason exists for delay in allowing Amtrak to inspect the land to plan for orderly work to be completed and comply with strict construction deadlines; and (2) delay in allowing Amtrak possession of the land will obstruct Amtrak's ability to plan for an orderly use and/or to proceed with the Program.

## VIII.    OUTSTANDING CHARGES

40.    Pursuant to 49 U.S.C. § 24311(b)(2)(B), upon the filing of the Declaration of Taking, the Court is empowered to decide "the disposition of outstanding charges related to" the Subject Property Interests.

17

41.    Amtrak is unaware of any charges that are or could be owed by Amtrak, or by any Defendants to Amtrak, related to the Subject Property Interests.

WHEREFORE, Plaintiff, National Railroad Passenger Corporation, also known as Amtrak, respectfully prays for judgment that the Subject Property Interests be and are condemned; and that this Court grant such other relief as may be just, including but not limited to an order fixing the value of the Subject Property Interests condemned, the time and terms for Amtrak's possession of the Subject Property Interests, and an order disposing of any outstanding charges thereon.

Respectfully submitted,

**COUNSEL FOR PLAINTIFF**
**NATIONAL RAILROAD PASSENGER CORPORATION**

*/s/ Patricia McHugh Lambert*
Patricia McHugh Lambert, US DC Bar ID MD0008
Alejandro Camacho, US DC Bar ID MD0251
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, MD  21204
Telephone: 410-938-8800
Fax: 410-832-5650
plambert@pklaw.com
acamacho@pklaw.com

*/s/ Christopher S. Perry*
Christopher S. Perry, US DC Bar ID 503039
National Railroad Passenger Corporation
1 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: 202.294.2434
christopher.perry@amtrak.com